IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEON WEBB

    Petitioner,

v.                Civil Action No. 5:07-CV-27
                  Criminal Action No. 5:04-CR-12
UNITED STATES OF AMERICA,    (JUDGE STAMP)

    Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED**

**I. INTRODUCTION**

On February 21, 2007, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Doc. No. 51). The Government filed its Response on April 13, 2007. (Doc. No. 56). Petitioner filed his Reply on May 14, 2007. (Doc. No. 57).

**II. FACTS**

A. **Conviction and Sentence**

The petitioner was named in a one count indictment filed on May 18, 2004 in the Northern District of West Virginia. Petitioner was charged in count 1 with being a felon in possession of a firearm in violation of Title 18, United States Code, sections 922(g)(1), 924(a)(2). On August 11, 2004, petitioner was found guilty by a jury of count 1.

On November 1, 2004, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 115 months imprisonment.

1

**B.      Appeal**

   On November 9, 2004, petitioner filed a notice of appeal. On November 14, 2005, the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence. Petitioner petitioned the United States Supreme Court for a writ of certiorari. The Supreme Court denied petitioner's petition on February 21, 2006.

   **C.      Federal Habeas Corpus**

   Petitioner contends his trial counsel was ineffective because he 1) failed to inform petitioner of the plea offer in a timely manner or, in the alternative, failed to pursue a plea offer, and 2) failed to request a two-point reduction pursuant to Chapter 3E1.1 of the United States Sentencing Guidelines.

   The government contends petitioner's counsel was not ineffective as alleged because 1) there never existed a plea offer from the United States, and 2) "any competent counsel would have realized under the circumstances that an argument to receive Acceptance of Responsibility was very unlikely to prevail."

   **D.      Recommendation**

   Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied, and the civil case associated with this action be dismissed from the Court's docket because petitioner's claims are without merit.

## III. ANALYSIS

**A.      18 U.S.C. § 2255**

   "A petitioner collaterally attacking his sentence or conviction bears the burden of proving her sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence

2

exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish her grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006).

**B.     Barred Claims**

It is well settled constitutional errors capable of being, but not, raised on direct appeal may <u>not</u> be raised in a § 2255 motion unless the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Petitioner did not raise his ineffective assistance of counsel claims on direct appeal. Normally, petitioner's claims would be barred absent a showing of cause and prejudice. However, because claims of ineffective assistance of counsel are more appropriately raised in a § 2255 motion and do not require a "cause" and "prejudice" showing, Massaro v. United States, 538 U.S. 500 (2003), petitioner's claims are not barred.

**C.     Claim 1 - Whether Petitioner's Counsel Was Ineffective For Failing to Timely Inform Petitioner of the Plea Agreement or to Negotiate a Plea Offer.**

Petitioner claims his counsel was ineffective for failing to timely inform him of the plea offer. Petitioner claims he was prejudiced by his counsel's omission because he would have accepted the plea and received a lesser sentence. The Government contends petitioner's claim is without merit because "no plea negotiations ever took place between Defense Counsel and the United States, and there was no proposed plea agreement." In response to the Government's position, petitioner alleges his counsel was ineffective for failing to negotiate a plea offer on his behalf.

The standard for evaluating claims of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Pursuant to Strickland, a petitioner must first

3

demonstrate his counsel's conduct fell below an objective standard of reasonableness. Id. at 687-91. Petitioner must next show "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." Id. at 694.

The Court finds petitioner's first argument is without merit. Within the Fourth Circuit, a defendant's counsel has the following duty surrounding plea negotiations: "1) notify the client of a plea offer; 2) advise the client of the option to proceed to trial; 3) present the client with the probable outcomes of both the guilt and sentencing phases of each alternative; and 4) permit the client to make the ultimate decision." Jones v. United States, 2008 U.S. Dist. LEXIS 24908, at *7, (D. Md. Mar. 28, 2008), relying on Jones v. Murray, 947 F.2d 1106, 1110-1111 (4th Cir. 1991). There is no evidence petitioner's counsel abrogated his duty as set forth in Jones because there is no evidence a plea offer existed. While a letter from petitioner's counsel to petitioner explained the likely result of going to trial versus entering a plea, the letter did not state a plea offer existed. Rather, the letter stated, "[w]ithout any legal or factual defense at trial, you may wish to consider a guilty plea rather than a jury trial," and may reasonably be read as merely encouraging petitioner to consider a plea offer. (Pet. Motion, Exhibit B.).

The Court finds petitioner's second argument- that his counsel was ineffective in failing to solicit a plea offer - is also without merit. While it is unclear what plea-related discussions, if any, took place between counsel and the prosecutor,[1] any failure on counsel's part to solicit a plea offer did not constitute ineffective assistance because defense attorneys have no affirmative duty

---

[1] Petitioner, in his affidavit, states "[a]t some point in May of 2004, Mr. Kornbrath inquired whether I would be receptive towards entering a plea agreement. . . . After the visit, I received a letter from Mr. Kornbrath explaining the choices in detail. . . . At the subsequent visit after the letter, I told Mr. Kornbrath that I wanted to plea guilty. To my amazement, Mr. Kornbrath stated, 'the plea is off the table . . . '" (Pet. Motion, Exhibit A). The Government, in its brief, represents petitioner never expressed to his counsel his desire to plea, but rather, and to the contrary, expressed to his counsel his unwillingness to accept an offer. (Resp. Motion, pg. 4). Neither party submitted an affidavit from Mr. Kronbrath, counsel for petitioner.

under the Constitution to solicit plea offers. See Mayes v. United States, 2007 U.S. Dist. LEXIS 93126, at *18, fn. 9, (W.D. Va. Nov. 20, 2007), *Report and Recommendation adopted December 6, 2007*; see, also, Weatherford v. Bursey, 429 U.S. 545, 561 (1977), [finding there is no Constitutional right to a plea bargain]. Rather, the decision to solicit a plea offer is a "strategic decision" reserved for counsel and best left beyond the Court's review. United States v. Usma, 1997 U.S. Dist. LEXIS 11474, at *8-9 (N.D. Ill. July 24, 1997). While failure to pursue a plea offer may, in rare instances, be unreasonable, there is no evidence counsel's alleged failure to pursue a plea offer in the present case was unreasonable. See Hawkman v. Parratt, 661 F.2d 1161, 1171 (8th Cir. 1981) [holding "counsel's failure to consider the possibility of plea negotiations despite the patently duplicitous nature of the four felony counts and despite having that possibility pointed out by the state court sentencing judge constituted ineffective assistance of counsel which prejudiced [defendant].]

Petitioner relies on United States v. Brannon, 48 Fed. Appx. 51 (4th Cir. 2002), for the proposition his counsel was required to engage the government in plea negotiations and that he should receive an evidentiary hearing. In Brannon, the petitioner alleged his counsel was ineffective because he failed to seek a plea agreement on his behalf. The Court found, in part, the counsel's failure to pursue plea negotiations or communicate a plea, "in a case such as here where the evidence was strongly against [the defendant]," constituted unreasonable assistance. Id. at 53. It then remanded the case for an evidentiary hearing to resolve the conflict in the evidence as to whether a plea offer had, in fact, been secured by defense counsel. Id. at 54. Petitioner's reliance on Brannon is misplaced for two reason. First, the Brannon Court provided no authority for its finding a counsel's failure to pursue plea negotiations may constitute unreasonable assistance. Second, the facts in Brannon are distinguishable from those in the present case. In Brannon,

unlike in the present case, the Court was provided with an affidavit from defense counsel stating a plea offer had been secured. No such affidavit exists in the present case.

Accordingly, it is recommended relief be denied.

**D.** **Claim 2 - Whether Petitioner's Counsel Was Ineffective for Failing to Request a Two-Point Reduction Pursuant to Chapter 3E1.1 of the United States Sentencing Guidelines.**

Petitioner claims his counsel was ineffective in failing to request at sentencing a two-point reduction pursuant to Chapter 3E1.1 of the United States Sentencing Guidelines.

The Government argues petitioner's claim is without merit because "any competent counsel would have realized under the circumstances that an argument to receive Acceptance of Responsibility was very unlikely to prevail." In so arguing, the Government relies on the fact petitioner took his case to trial and testified, contrary to substantial evidence, he was the victim, as opposed to aggressor.

To prevail on a claim of ineffective assistance of counsel, petitioner must first demonstrate his counsel's conduct fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-91. Petitioner must next show "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." Id. at 694.

The Court finds petitioner's claim is without merit. While petitioner's counsel did not request a two-level reduction pursuant to Chapter 3E1.1 of the Sentencing Guidelines, there is no evidence counsel's omission fell below an objective standard of reasonableness. As set forth in Chapter 3E1.1, a defendant may, upon motion of the government, receive a two level reduction "if the defendant clearly demonstrates acceptance of responsibility for his offense." The reduction, however, is "not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only

then admits guilt and expresses remorse." U.S.S.G. § 3E1.1.  Only where the defendant goes to trial to "assert and preserve issues that do not relate to factual guilt" may he be considered for the reduction despite having asserted his constitutional right to go to trial.  Id.

Petitioner asserted his right to go to trial.  At trial, petitioner attempted to prove he was the victim, as opposed to the aggressor, in the altercation with Mr. Harrison.  There is no evidence petitioner attempted at trial to preserve any legal issue.  Accordingly, it was not error for his counsel to fail to request the two-level departure under Chapter 3E1.1 of the Sentencing Guidelines.

For this reason, it is recommended relief be denied.

## V. **RECOMMENDATION**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be **DENIED**, and the civil case associated with this action be dismissed from the Court's docket because petitioner's claims are without merit.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Judge Frederick P. Stamp, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: April 10, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE