```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

DEON WEBB,

    Petitioner,

v.                                        Civil Action No. 5:07CV27
                                           (Criminal Action No. 5:04CR12)
UNITED STATES OF AMERICA,                  (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING PETITIONER'S MOTION FOR LEAVE
TO AMEND MOTION TO VACATE AND
DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY**

I.   Procedural History

Pro se[1] petitioner, Deon Webb, filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. The petitioner stated two grounds for relief based upon allegations of ineffective assistance of counsel. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. The petitioner then filed a motion for leave to amend his habeas petition. He also filed a motion for leave to conduct discovery. Magistrate Judge Seibert issued a report recommending that the petitioner's § 2255 petition be denied based

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

upon the magistrate judge's finding that the petitioner did not receive ineffective assistance of counsel on either of the grounds set forth in the petition.

The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The petitioner filed objections. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, that the petitioner's motion for leave to amend should be denied, and that the petitioner's motion for leave to conduct discovery should be denied.

## II. Facts

The petitioner is currently serving a 115-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The petitioner filed a petition pursuant to 28 U.S.C. § 2255 on February 21, 2007, contending that his counsel provided ineffective assistance by (1) failing to timely inform the petitioner of a plea offer, and (2) failing to request a two-point sentence reduction for acceptance of responsibility under § 3E1.1 of the United States Sentencing Guidelines. On March 6, 2007, the petitioner filed a motion for leave to amend his § 2255. On March 12, 2007, he filed a motion for leave to conduct discovery in order to obtain a copy of governmental letters

2

The Government filed a response to the § 2255 petition, but did not respond to the petitioner's motion for leave to amend or motion for leave to conduct discovery. The petitioner filed a reply in support of his § 2255 petition.

The Government, in its response to the § 2255 petition, contends that no plea offer ever existed. Further, the Government argues that petitioner's counsel was not ineffective for failure to argue for an "acceptance of responsibility" reduction because the petitioner took his case to trial and argued that he was the victim. In such circumstances, the Government contends, counsel's failure to argue for an "acceptance of responsibility" reduction was highly unlikely to succeed, and, therefore, counsel committed no error.

In reply, the petitioner argues that even if the Government did not initiate a plea offer, the petitioner's counsel was required to engage the Government in plea negotiations. The petitioner claims that he is entitled to an evidentiary hearing on the matter because the record does not conclusively demonstrate that he is entitled to no relief.

Magistrate Judge Seibert entered a report and recommendation recommending that the § 2255 petition be denied because there is no evidence that counsel's failure to pursue a plea agreement in this case was unreasonable and the case cited by the petitioner does not stand for the proposition that such failure may constitute ineffective assistance of counsel. The magistrate judge also

3

recommended denial because the petitioner's counsel's failure to argue for a sentence reduction for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines was not unreasonable in light of the fact that the petitioner proceeded to trial and attempted to prove that he was the victim, not the aggressor.

The petitioner filed timely objections in which he continues to assert that he should be granted an evidentiary hearing.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review of the matters before it.

### IV. Discussion

A. Habeas Corpus Petition

As noted above, both of the petitioner's asserted grounds for relief are based upon claims of ineffective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must meet the two requirements established in Strickland v. Washington, 466 U.S. 668 (1984). First, a petitioner must show that his or her counsel's conduct fell below an objective standard of

reasonableness.  Id. at 687-91.  Second, a petitioner must show that a reasonable probability exists that the outcome of the proceedings would have been different "but for counsel's unprofessional errors."  Id. at 694.  Each of the claims asserted by the petitioner in this action must therefore be evaluated under the Strickland requirements.

1. Ground One: Whether Petitioner's Counsel Provided Ineffective Assistance by Failing to Timely Inform the Petitioner of a Plea Offer

This Court rejects the petitioner's argument that he received ineffective assistance because his counsel did not timely inform him of a plea offer.  In matters relating to plea negotiations in a criminal case, defense counsel must "1) notify the client of a plea offer; 2) advise the client of the option to proceed to trial; 3) present the client with the probable outcomes of both the guilt and sentencing phases of each alternative; and 4) permit the client to make the ultimate decision."  Jones v. United States, 2008 U.S. Dist. LEXIS 24908, at *7 (D. Md. Mar. 28, 2008) (unpublished) (relying on Jones v. Murray, 947 F.2d 1106, 1110-1111 (4th Cir. 1991)).  In this action, the magistrate judge found that no evidence exists to indicate that the Government ever made a plea offer.  Therefore, the magistrate judge concluded, there is no evidence suggesting that the petitioner's counsel abrogated his duty as set forth in Jones.  Based upon a de novo review, this Court agrees.  Although the petitioner attached a letter he

received from his counsel explaining the probable outcomes of proceeding to trial versus entering a plea, that letter at most may reasonably be read as encouraging the petitioner to consider a plea agreement. It in no way indicates that the Government had already tendered a plea offer for the petitioner's consideration.

The petitioner's second argument--that his counsel abrogated a duty to solicit a plea agreement and that such failure constitutes ineffective assistance--is equally unavailing. The petitioner cites <u>United States v. Brannon</u>, 48 Fed. App'x 51 (4th Cir. 2002)(unpublished), for the proposition that his counsel was obligated to seek out a plea agreement and that the petitioner should receive an evidentiary hearing. This reliance is misplaced. In <u>Brannon</u>, the court had before it an affidavit from the defendant's counsel stating that the Government had made a plea offer. <u>Id.</u> at 52. The Fourth Circuit found that once the plea offer had been made, Brannon's counsel was obligated to pursue negotiations concerning the plea offer and to communicate the terms of the plea offer to his client. <u>Id.</u> at 53. Here, no such affidavit exists.

This Court's <u>de novo</u> review of the record before it leads it to conclude that the petitioner's claim of ineffective assistance of counsel for failure to timely communicate a plea offer or to pursue plea negotiations must be denied. Nothing in the record suggests that a plea offer was ever made for defense counsel to communicate to the petitioner or to pursue on the petitioner's

behalf.  Thus, there is nothing to suggest that defense counsel's conduct fell below an objectively reasonable standard regarding the petitioner's case proceeding to trial.  Accordingly, Ground One of the petitioner's § 2255 habeas corpus petition must be denied.

2. <u>Ground Two: Whether Petitioner's Counsel Provided Ineffective Assistance by Failing to Request a Two-Point Reduction Pursuant to United States Sentencing Guidelines § 3E1.1</u>

This Court also rejects the petitioner's second ground for relief--that his counsel provided ineffective assistance by failing to request a two-level sentencing guideline reduction for acceptance of responsibility under §3E1.1 of the federal sentencing guidelines.  In cases where a defendant "clearly demonstrates acceptance of responsibility for his offense," the federal sentencing guidelines provide for a two-level sentence reduction. U.S.S.G. § 3E1.1.  Application Note 2 to §3E1.1 states:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration of such a reduction.  In *rare situations* a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial.  This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).  In each such instance, however, *a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct*.

7

U.S.S.G. § 3E1.1 App. Note 2 (emphasis added). Here, the petitioner proceeded to trial and attempted to prove that he had a firearm in his possession at the time of his arrest because he had been the victim in an altercation with his ex-girlfriend's husband, that he innocently happened to discover a gun that did not belong to him, and that he had taken possession of the gun to prevent a dangerous situation. In his petition, the petitioner states that he "ultimately admitted to every essential element of § 922(g)(1) *during his defense at trial*." (Mem. in Supp. of Pet. 5) (emphasis added). By his own admission, then, the petitioner's statements and conduct indicating acceptance of responsibility, if any, did not occur before his trial. Further, the petitioner's case does not appear to this Court to be the kind of rare situation contemplated by Application Note 2. Because the petitioner's theory of defense depended upon his version of the events that resulted in his firearm possession, and because his version was disputed and disproven at trial, the petitioner's contention that he went to trial to preserve a purely legal issue is without merit. Under these circumstances, defense counsel committed no error which fell below an objective standard of reasonableness in not requesting the two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Accordingly, Ground Two of the petitioner's § 2255 habeas corpus petition must be denied.

In sum, neither of the petitioner's grounds for relief warrant granting habeas relief under 28 U.S.C. § 2255. The petitioner has

failed to establish that his counsel's conduct fell below an objectively reasonable standard and that the outcome of the proceedings would have been different but for counsel's objectively unreasonable professional error. For these reasons, this Court concludes that the grounds for relief asserted by the petitioner, based as they are on allegations of ineffective assistance of counsel, must fail.

B.  <u>Motion for Leave to Amend Complaint and Motion for Leave to Conduct Discovery</u>

This Court has reviewed and considered the petitioner's motion for leave to amend his § 2255 petition and his motion for leave to conduct discovery. The motion for leave to amend is essentially a supplement to the § 2255 petition and includes affidavits from three individuals who state that they had conversations with the petitioner before he went to trial in which he informed them that he intended to enter into a plea agreement and to enter a plea of guilty. The affiants state that they believed the petitioner wanted to plead guilty in hopes of receiving a lower sentence. The contents of these affidavits do not alter this Court's ruling. Accordingly, the motion for leave to amend will be denied.

As to the motion for leave to conduct discovery, this Court finds the record before it sufficient. Accordingly, no discovery is necessary, and the motion for leave to conduct discovery will be denied.

V. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2255 petition is DENIED WITH PREJUDICE. Further, the petitioner's motion for leave to amend his § 2255 petition is DENIED, and his motion for leave to conduct discovery is DENIED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record

herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 22, 2009

>                                   /s/ Frederick P. Stamp, Jr.
>                                   FREDERICK P. STAMP, JR.
>                                   UNITED STATES DISTRICT JUDGE